UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEXTER GALLIEN**                                   **CASE NO.  6:21-CV-00874**

**VERSUS**                                                **JUDGE S. MAURICE HICKS, JR.**

**MICHAEL CANTU ET AL**              **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Plaintiff having failed to comply with court orders and having failed to otherwise participate in these proceedings, pursuant to the provisions of 28 U.S.C. §636 and the standing orders of this Court, the Court recommends that the case be dismissed for failure to prosecute.

## Facts and Procedural History

Plaintiff filed this suit in state court in December 2020 following an auto accident. (Rec. Doc. 1-1). Defendants, the adverse driver (Cantu) and his purported insurer (Recover Ins. Co.), removed the case to this Court. (Rec. Doc. 1). The Court later dismissed the insurer on summary judgment, leaving the adverse driver as the remaining defendant. (Rec. Doc. 27; 28). Following multiple delays related to Cantu's representation, in June 2023, the Court eventually set a trial date for November 13, 2023. (Rec. Doc. 44). The parties participated in a settlement conference on August 1, 2023, to no avail. (Rec. Doc. 46).

The Court held a pretrial conference on October 18, 2023; however, the conference was converted to a status conference when Plaintiff's counsel failed to appear. (Rec. Doc. 48). On May 22, 2024, Plaintiff's counsel, Mr. Guillory, moved to withdraw, stating that he had been unable to contact Plaintiff since October 2023, despite multiple attempts. Plaintiff failed to provide Mr. Guillory with updated contact information. (Rec. Doc. 54). On June 13, 2024, the Court held a telephone conference regarding Mr. Guillory's motion to withdraw and ordered Plaintiff to personally participate. (Rec. Doc. 55; 56). The Clerk of Court's mailing of the order was returned as undeliverable. (Rec. Doc. 58). Plaintiff did not participate in the conference, and the Court granted Mr. Guillory's motion to withdraw. Mr. Guillory advised that he has been unable to contact Plaintiff since October 2023.

## **Law and Analysis**

A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. Fed.R.Civ.P. 41(b). "Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992).

A dismissal without prejudice, where the statute of limitations is not implicated, does not prejudice the plaintiff. However, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations would bar refiling

2

of the action. In the latter instance, the court must find that the plaintiff's "failure to comply with the court order was the result of purposeful delay or contumaciousness," and the court should employ "lesser sanctions before dismissing the action." *Berry, supra*; *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Raymond v. Univ. of Houston*, 275 F. App'x 448, 449–50 (5th Cir. 2008).

Plaintiff's negligence claims are subject to Louisiana's one-year prescriptive period for delictual actions. In Louisiana, prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. La. C.C. art. 3492; 3462. Once prescription is interrupted, the prescriptive period commences anew from the last date of interruption. La. C.C. art. 3466. If an action is dismissed without prejudice, the plaintiff has the full prescriptive period within which to bring the action. *Gonzalez v. Seal*, 677 F. App'x 918, 922 (5th Cir. 2017), citing La. C.C. art. 3463, cmt. (b) (citing *Hebert v. Cournoyer Oldsmobile–Cadillac–G.M.C., Inc.*, 405 So.2d 359, 360 (La.App. 4th Cir. 1981)). Thus, since the Court recommends that this action be dismissed without prejudice, prescription will not preclude Plaintiff from refiling the suit after dismissal. In any event, the Court finds that Plaintiff's failure to comply with orders to participate in these proceedings has been contumacious.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of June, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE